In The District Court of the United States
**For the** United States Federal District of Trenton New Jersey

Clarkson S. Fisher Building
& U.S. Courthouse
402 East State Street
Trenton, NJ 08608
Clerk of the Court phone: 609-989-2065

| | |
|---|---|
| Connie White, an individual and all others similarly situated, ) ) ) Plaintiffs, ) ) v. ) ) ) ) ) ) U.S. BANK N.A., an enterprise affecting interstate commerce, ) ) ) Richard K. Davis, an individual predicate actor in schemes violating federal laws providing that fraud and extortion are *malum in se* offenses, ) ) ) ) ) ) ) Pluese, Becker, Saltzman, LLC, an enterprise affecting interstate commerce, ) ) ) Rob Saltzman, an individual predicate actor in schemes violating federal laws providing that fraud and extortion are *malum in se* offenses, ) ) ) ) ) ) ) Nationstar Mortgage LLC, an enterprise affecting interstate commerce, ) ) ) Ocwen Loan servicing, LLC an enterprise affecting interstate commerce, ) ) ) Rob Saltzman an individual predicate actor in schemes violating federal laws providing that fraud and extortion are *malum in se* offenses, ) ) ) ) ) ) ) Additional Pluese, Becker, Saltzman, LLCs, an enterprise affecting interstate commerce, ) ) | COMPLAINT FOR DAMAGES ARISING FROM VIOLATION OF CIVIL RIGHTS (Title 42 U.S.C. §§ 1983-1986); RICO (42 U.S.C. §§ 1961-1966); CONSPIRACY; FRAUD and INTERNATIONAL COVENANT ON CIVIL AND POLITICAL RIGHTS; 138 CONG., REC. S4781-01 DEMAND FOR TRIAL BY JURY RECEIVED JUN 14 2018 AT 8:30 _____ M WILLIAM T. WALSH CLERK |

Page 1 of 8

Sanford J. Becker an individual predicate )
 actor in schemes violating )
 federal laws providing that fraud )
 and extortion are *malum in se* )
 **offenses,** )
  )
Karen Suter, a public official, records )
 verify, aids and abets schemes of )
 fraud and extortion, )
  )
 Defendants. )
  )

---

## CLAIM UNDER AUTHORITY OF 18 USC 1964(A)
## SUBJECT MATTER JURISDICTIONAL STATEMENT

 FEDERAL QUESTION JURISDICTION The jurisdiction of this Court is predicated on 28 U.S.C. §§ 1331, 1343, 1345, 1367 and Observation and Enforcement of the International Covenant on Civil and Political Rights, hereafter (ICCPR), hereby declare the provisions of Articles 1-through 27 of the ICCPR is executed; and applicable in the general Lawful Remedy Article III Section 2. Supremacy Clause, [Marbury v. Madison] …Section 141. Hoke vs. Henderson 15, N.C. 1525 Am Dec 677, Miranda v. Arizona, 384 U.S. 436, 491, Jurisprudence…Constitutional Law Section 97, Article Iv Section 4, Of The United States Constitution course of business activity.: 28 USC § 1331: The federal district court has subject matter jurisdiction to consider this claim under authority of 18 USC 1964(a) and by virtue of sufficient pleadings clearly articulating violations of 18 USC 1961 & 1962. The violations are pled with particularity *infra.* Furthermore, the clear face of this record shows the claims of Connie White in harmony with *Attick v. Valeria Associates, L.P.,* S.D. N.Y. 1992, 835 F. Supp. 103, *Avirgan v. Hull,* C.A. 11 (Fla.) 1991, 932 F.2d 1572, *Yellow Bus Lines, Inc. v. Drivers, Chauffeurs & Helpers Local Union 639,* C.A.D.C. 1990, 913 F.2d 948, 286 U.S. App. D.C. 182, certiorari denied 111 S.Ct. 2839, 501 U.S. 1222, 115 L.Ed. 2d 1007, *Hecht v. Commerce Clearing House, Inc.* C.A. 2 (N.Y.) 1990, 897 F.2d 21, 100 A.L.R. Fed. 655, *Standard Chlorine of Delaware, Inc. v. Sinibaldi,* D.Del. 1992, 821 F. Supp. 232, *Jordan v. Herman,* F.D. Pa. 1992, 792 F. Supp. 380, *Nassau-Suffolk Ice Cream, Inc. v. Integrated Resources, Inc.* S.D.N.Y. 1987, 114 F.R.D. 684, *Polletier v. Zweifel,* C.A. 11 (Ga.) 1991, 921 F.2d 1465, rehearing denied 931 F.2d 901, certiorari denied 112 S.Ct. 167, 502 U.S. 855, 116 L.Ed. 131, *Khurana v. Innovative Heath Care Systems, Inc.,* C.A. 5 (La.) 1997, 130 F.3d 143, vacated 119 S.Ct. 442, 525 U.S. 979, 142 L.Ed. 2d 397, on remand 164 F.3d 900, *In re American Honda Motor Co., Inc. Dealership Relations Litigation,* D.Md. 1996, 941 F.Supp. 528, *Red Ball Interior Demolition Corp. v. Palmadessa,* S.D.N.Y. 1995, 908 F.Supp. 1226, *Protter v. Nathan's Famous Systems, Inc.* E.D. N.Y. 1995, 904 F.Supp. 101, *Prudential Ins. Co. of America v. U.S. Gypsum Co.* D.N.J. 1993, 828 F.Supp. 287, and *Compagnie de Reassuarance D'Ile de France v. New England Reinsurance Corp.* D. Mass. 1993, 825 F.Supp. 370.

## STATEMENT OF *IN PERSONUM* JURISDICTION

 U.S. BANK N.A. is an enterprise affecting interstate commerce. U.S. BANK N.A. operates from 425 Walnut Street in Cincinnati, OH 45202-3923. Ocwen Loan Servicing, LLC is an enterprise affecting interstate commerce Ocwen Loan Servicing, LLC operates from 161

Worthington Road, Suite 100 West Palm Beach, Florida 33409. Nationstar Mortgage LLC is an enterprise affecting interstate commerce. Nationstar Mortgage LLC operates from 350 Highland Drive Lewisville, Texas 75067. PLUESE, BECKER, SALTZMAN, LLC, located at 20000 Horizon Way Ste. 900 Mount Laurel, NJ 08054-4318, in ATTORNEY FIRM City, State Zip is a local facilitator of fraud and extortion for U.S. BANK N.A. Rob Saltzman is a member of the enterprise, PLUESE, BECKER, SALTZMAN, LLC. Karen Suter aided and abetted PLUESE, BECKER, SALTZMAN, LLC, and Rob Saltzman in Saltzman's violations of 18 USC 1961 & 1962.

## STATEMENT OF VENUE

Venue is appropriate in the United States Federal District of Trenton New Jersey as the predicate acts of fraud and extortion committed by Rob Saltzman occurred in the United States Federal District of Trenton New Jersey.

### Theory of the case

First and foremost this is in theory a RICO enterprise under the False Claims Act and stemming from the imprisonment of the now defunct alleged lender Lee Bentley Farkas of Taylor Bean and Whitaker Mortgage Corp, which went out of business in 2009 and yet allegedly there was an assignment made to Ocwen Loan Servicing, LLC in March of 2011. The alleged assignment appears to be executed by Christina Carter, a registered well known robo-signer, who alleges to be the Vice President of Mortgage Electronic Registration Systems, Inc. ("MERS") and witnessed by John Coaster as Assistant Secretary in front of Stephen Lee, a notary public of the State of Florida. An online search for signors Christina Carter appears to be an employee of Ocwen Loan Servicing LLC. Carter is on the Southern Essex District Registry of Deeds approved known Robo-singers list. The address for Mortgage Electronic Registration Systems, Inc., as nominee for Taylor Bean and Whitaker Mortgage Corp, 1901 E. Voorhees Street, Suite C, Danville, Il 61834 on the subject Assignment is really an address for Metro Detective Agency in Illinois to accept service of process for MERS. On the execution date, March 14, 2011, of the subject Assignment Taylor Bean and Whitaker Mortgage Corp had been out of business for about a year and a half. They were a defunct entity and no longer a MERS member.

Rob Saltzman and company are engaged in the debt collection fraud racket. HOW THE DEBT COLLECTION FRAUD RACKET WORKS: PLUESE, BECKER, SALTZMAN, LLC is a subset of the debt collection racket, a wide-spread, far-reaching scam composed of artists such as Rob Saltzman, et al. How the scam works: In a back room of the Chicago Board of Trade, worthless bundles of commercial paper in the form of copies of charged off debt are sold at auction or from "debt purchasing" organizations such as Collins Financial Services, Inc., a.k.a. mailto:sales@cfsi.net, Money World Network, foreclosurestore.com, charge off clearing house.com, and mailto:loans@money-finance.us. Actors such as Saltzman can also rely on such resources as collection industry.com. The typical face value of the bundles often amounts to tens of millions of dollars. The original makers of the loans including mortgagees and credit card debt are rarely harmed because they most often have hypothecated the loan and have risked nothing. Actors up line from such artists as Rob Saltzman then break apart the bundles and resell the worthless commercial paper in clusters based on who the original creditor is and what the geographic location of the origin of the individual copies. Artists such as Rob Saltzman are the actual "end user" holders in due course although typically in the scam, artists such as PLUESE, BECKER, SALTZMAN, LLC invest as little as 75 cents on the hundred dollar face amount for the worthless commercial paper, then allege they are third party debt collectors attempting to collect for the original maker of the loan. Enterprises such as PLUESE, BECKER, SALTZMAN, LLC, in turn,

mark up the worthless commercial paper and resell to artists such as Saltzman, who, for a very small investment, use threat, coercion, intimidation, and deception to defraud and extort money and property from parties such as Connie White. Whenever necessary, scam artists such as Rob Saltzman, subject parties such as Connie White to sham legal proceedings where: (1) Standing to sue in the respective state court is never proved, (2) Standing to sue as a bona fide holder-in-due-course is never proved, (3) Corporate charter authority to make consumer loans is never proved, (4) Corporate charter authority to sue for damages on consumer loans is never proved, (5) Damages in fact are never proved, and (6). Delegation of authority from enterprises such as U.S. BANK N.A. to predicate actors such as Rob Saltzman is never proved. When defendants raise any defense whatsoever, they are forced into submission by judicial tyranny from judges such as Karen Suter, who either are or pretend to be, absolutely "clueless." In this instant case, Suter is either "on the take" receiving kickbacks and bribes from Saltzman, or Suter lacks both the ethical and professional integrity to make decisions affecting other people's lives. The scam is complete when artists such as Rob Saltzman, with the cooperation of bad character, bad behavior public servants like Karen Suter, defraud parties such as Connie White.

FIRST PREDICATE ACT IN VIOLATION OF 18 USC 1961 & 1962: March 14, 2011, predicate actor fraudulently claimed that Ocwen Loan Servicing, LLC executed an assignment to Mortgage Electronic Registration Systems, Inc. (MERS) as Nominee for Taylor, Bean & Whitaker that was authorized by known robo-signer, Christina Carter as Vice President of MERS. The 2-page document was recorded in the Official Records of Burlington County New Jersey on August 2, 2011 bearing Document # 4826848. The document allegedly cites: now defunct Taylor, Bean & Whitaker Mortgage Corp as Original named Lender and Mortgage Electronic Registration Systems, Inc. to an unknown entity indorsed in blank and executed by Erla Carter-Shaw, E.V.P., who allegedly was an EVP/Loan Administration and Post Closing at now defunct Taylor Bean and Whitaker Mortgage Corp from August 2000-February 2010.
As of November 5, 2014 the status of MIN # 1000295-0002623052-8 is being reported as Inactive. MERS currently reports that Ocwen Loan Servicing LLC is the "Servicer" of the transaction and that Freddie Mac is the "Investor". This indicates that the original named lender Taylor Bean & Whitaker Mortgage Corp sold the White Mortgage Loan.

SECOND PREDICATE ACT IN VIOLATION OF 18 USC 1961 & 1962: On or about December 5, 2013 a foreclosure complaint was filed that alleges that Plaintiff, NATIONSTAR MORTGAGE LLC is the holder of the note and predicate actor, Katherine Knowlton Lopez, of POWERS KIRN, LLC filed for an Order Granting Summary Judgment or Striking Answer and Counterclaim on September 22, 2014, which was subsequently granted by predicate actor, Karen L. Suter.

THIRD PREDICATE ACT IN VIOLATION OF 18 USC 1961 & 1962: On or about March 24, 2018 a unsigned and undated Notice of Motion for Entry of Final Judgment was granted by an unknown entity and it was Ordered an Adjudged that a monetary sum of $610,959.35 together with interest computed at 4.250% on $427, 978.24, being the principal sum in default. Saltzman filed a fraudulent security instrument that fraudulently claimed that Connie White was indebted to U.S. BANK N.A. in a sum in excess of Three Hundred Ninety one thousand dollars ($391,000.00). Concisely, Saltzman advanced a writing which Saltzman knew was false, with the intention that Connie White rely on the fraud to Connie White's detriment. Saltzman's fraudulent claim was urged under color of an official right. A jury shall determine that Rob Saltzman absolutely violated 18 USC 1961 & 1962 by the fraud

and extortion which occurred on December 5, 2013 with the filing of a Complaint in foreclosure.

FOURTH PREDICATE ACT IN VIOLATION OF 18 USC 1961 & 1962: March 15, 2018, predicate actor; Rob Saltzman filed a fraudulent security instrument that fraudulently claimed that Connie White was indebted to U.S. BANK N.A. in a sum in excess of $610,959.35 thousand dollars. Concisely, Saltzman advanced a writing which Saltzman knew was false, with the intention that Connie White rely on the fraud to Connie White's detriment. Saltzman's fraudulent claim was urged under color of an official right. A jury shall determine that Rob Saltzman absolutely violated 18 USC 1961 & 1962 by the fraud and extortion which occurred on November 22, 2017. In this episode of mischief, Saltzman secured Suter's sworn agreement to aid and abet in the defrauding of Connie White.

FIFTH PREDICATE ACT IN VIOLATION OF 18 USC 1961 & 1962 June 30, 2008, predicate actor; Richard K. Davis filed a fraudulent security instrument that fraudulently claimed that Connie White was indebted to U.S. BANK N.A. in a sum in excess of $610,959.35 thousand dollars. Concisely, Richard K. Davis advanced a writing which Davis knew was false, under13 Stat 99, section 9 holds bank directors liable for any harmful actions, done by any bank employees, So 13 Stat 99, is the 13th Congress at page 99. That is where you will find the Bank Act. It doesn't matter what is in 12 USC, which is the code on banking. It falls under the Procedural Teague Retroactive Doctrine, and also falls under what is called Imperative Precedence, with the intention that Connie White rely on the banking fraud to Connie White's detriment. Davis's fraudulent claim was urged under color of an official right. A jury shall determine that Richard K. Davis absolutely violated 18 USC 1961 & 1962 by the fraud and extortion which occurred on November 22, 2017. In this episode of mischief, Saltzman secured Suter's sworn agreement to aid and abet in the defrauding of Connie White.

Affidavit

I, Connie White, of age and competent to testify, state as follows based on my own personal knowledge:

1. I was contacted by Rob Saltzman about March 23, 2018. Saltzman alleged that I owed him a large sum of money, but in the time since, has refused to document and verify that I owe him, U.S. BANK N.A., or PLUESE, BECKER, SALTZMAN, LLC money.
2. March 23, 2018, Rob Saltzman falsely alleged that U.S. BANK N.A. had a claim against me and had authority to sue in SUPERIOR COURT OF NEW JERSEY.
3. March 23, 2018, Rob Saltzman falsely alleged that although he was attorney of record for U.S. BANK N.A., he was not their agent for service of process.
4. April 22, 2017, Rob Saltzman falsely alleged that a party who had no personal knowledge of the business records of U.S. BANK N.A. could testify competently about U.S. BANK N.A.'S records.
5. September 22, 2014, Rob Saltzman and Katherine Lopez secured agreement from Karen Suter that Suter would help Saltzman defraud me.
6. Month day, year, Rob Saltzman made thinly veiled threats to the effect that he was out to get me.
7. As a result of the harassment of Saltzman and Lopez's repeated attempts to extort money and property from me and because of Saltzman's and Lopez's dissemination of false information about my finances, I have been deprived of business opportunities and been damaged in my business enterprises.

_____
Connie White and Khalil Abdul Hakim

STATE OF NEW JERSEY        INDIVIDUAL ACKNOWLEDGMENT
COUNTY OF BURLINGTON

  Before me, the undersigned, a Notary Public in and for said County and State on this 14th day of June, 2018, personally appeared Connie White and Khalil Abdul Hakim to me known to be the identical persons who executed the within and foregoing instrument and acknowledged to me that he/she executed the same as his/her free and voluntary act.
  Given under my hand and seal the day and year last above written.
My commission expires: 11/28/21

_____ Notary Public

> GINELLE BRIZAK
> Notary Public, State of New Jersey
> My Commission Expires
> November 28, 2021

Page 6 of 8

Plaintiffs' RICO case statement detailing the racketeering enterprise, the predicate acts of racketeering, and the economic purpose

PLUESE, BECKER, SALTZMAN, LLC, is running a racket by taking money and property from parties situated similarly to Connie White and Khalil Abdul Hakim to satisfy nonexistent "debts." This court shall notice that Connie White and Khalil Abdul Hakim, in this complaint, have **testified** of injury to property and business by reason of acts which violate section 4 of the Clayton Act. See *Attick v. Valeria Associates, L.P.,* S.D. N.Y. 1992, 835 F. Supp. 103. Connie White and Khalil Abdul Hakim have articulated violations of racketeering laws, testified that the violations injured both business and property warranting treble damages. See *Avirgan v. Hull,* C.A. 11 (Fla.) 1991, 932 F.2d 1572. In naming PLUESE, BECKER, SALTZMAN, LLC, an enterprise to which Rob Saltzman belongs, Connie White and Khalil Abdul Hakim have established that an enterprise exists which undeniably affects interstate commerce. See *Yellow Bus Lines, Inc. v. Drivers, Chauffeurs & Helpers Local Union 639,* C.A.D.C. 1990, 913 F.2d 948, 286 U.S. App. D.C. 182, certiorari denied 111 S.Ct. 2839, 501 U.S. 1222, 115 L.Ed. 2d1007. Connie White and Khalil Abdul Hakim have standing to sue under RICO as Connie White and Khalil Abdul Hakim have shown violations of RICO, injury to business and property, and causation of the injury by the violations. See *Hecht v. Commerce Clearing House, Inc.* C.A. 2 (N.Y.) 1990, 897 F.2d 21, 100 A.L.R. Fed. 655. Connie White and Khalil Abdul Hakim have perfected a RICO claim by showing the existence of a RICO enterprise, showing a pattern of racketeering activity: fraud, shown nexus between the defendants and the pattern of frauds, and shown resulting injury to business and property. See *Standard Chlorine of Delaware, Inc. v. Sinibaldi,* D.Del. 1992, 821 F. Supp. 232. Connie White and Khalil Abdul Hakim have demonstrated that Connie White and Khalil Abdul Hakim sustained injury as proximate result of the pattern of frauds by the defendants. See *Jordan v. Herman,* F.D. Pa. 1992, 792 F. Supp. 380. Rob Saltzman's membership in the enterprise, PLUESE, BECKER, SALTZMAN, LLC, empowers Saltzman to do illicit business benefiting PLUESE, BECKER, SALTZMAN, LLC, directly and indirectly. PLUESE, BECKER, SALTZMAN, LLC is able to recoup and profit by U.S. BANK N.A., investment affecting interstate commerce. See *Nassau-Suffolk Ice Cream, Inc. v. Integrated Resources, Inc.* S.D.N.Y. 1987, 114 F.R.D. 684. Connie White and Khalil Abdul Hakim have clearly articulated being Saltzman's target of extortion and resulting business loses. See *Polletier v. Zweifel,* C.A. 11 (Ga.) 1991, 921 F.2d 1465, rehearing denied 931 F.2d 901, certiorari denied 112 S.Ct. 167, 502 U.S. 855, 116 L.Ed. 131. The cause-in-fact that but for the chicanery of the enterprise member, Rob Saltzman, Connie White and Khalil Abdul Hakim would have their money and their business would not have incurred tangible losses is sufficient to state factual causation for provision of RICO act providing for treble damages. See *Khurana v. Innovative Heath Care Systems, Inc.,* C.A. 5 (La.) 1997, 130 F.3d 143, vacated 119 S.Ct. 442, 525 U.S. 979, 142 L.Ed. 2d 397, on remand 164 F.3d 900. Connie White's and Khalil Abdul Hakim's reliance on traditional principles of proximate causation applying to RICO cases is illustrated in the well pleaded, testimony that Connie White and Khalil Abdul Hakim was the target of extortion and their business interfered with by predicate acts of the defendants. See *In re American Honda Motor Co., Inc. Dealership Relations Litigation,* D.Md. 1996, 941 F.Supp. 528. There exists an undeniable relationship between the acts of the defendants and the damage to property and business interests of Connie White. See *Red Ball Interior Demolition Corp. v. Palmadessa,* S.D.N.Y.1995, 908 F. Supp. 1226. The damage caused by the defendants was the natural and reasonably foreseeable consequence of the frauds promulgated by the defendants. See *Protter v. Nathan's Famous Systems, Inc.* E.D. N.Y. 1995, 904 F.Supp. 101. The fraud by

the defendants was the legal cause of Connie White and Khalil Abdul Hakim being the target of extortion, his business interests being interfered with, and related damages.  See *Prudential Ins. Co. of America v. U.S. Gypsum Co.* D.N.J. 1993, 828 F. Supp. 287.  The enterprise, U.S. BANK N.A. is evident to a high degree and it is also evident to a high degree that associates such as Rob Saltzman act as a continuing unit.  See *Compagnie de Reassuarance D'Ile de France v. New England Reinsurance Corp.* D. Mass. 1993, 825 F. Supp. 370. It is undeniable that PLUESE, BECKER, SALTZMAN, LLC receives money for defrauding parties such as Connie White and Khalil Abdul Hakim and PLUESE, BECKER, SALTZMAN, LLC receipts and compensation to collateral enterprises represents their necessary investment in the class of business to which PLUESE, BECKER, SALTZMAN, LLC belongs for the continuing privilege of, in the vernacular, continuing to rip people off in phony, sham proceedings.  See *Grand Cent. Sanitation, Inc. v. First Nat. Bank of Palmerton*, M.D.Pa. 1992, 816 F.Supp. 299.  Undeniably, the defendants have used the courts for purposes of fraud and extortion.  Saltzman's pattern of attacks on Connie White is but one of many of examples of fraud by PLUESE, BECKER, SALTZMAN, LLC and other enterprises similarly constituted.

Remedy sought and prayer for relief

The Federal District Court has a duty to order the dissolution of U.S. BANK N.A. and PLUESE, BECKER, SALTZMAN, LLC under authority of 18 USC 1964(a). The Federal District Court is empowered to order treble damages as remedial to the racketeering activities of "RICO" enterprises and their constituent members.  A jury's determination that PLUESE, BECKER, SALTZMAN, LLC by and through Rob Saltzman and Karen Suter has engaged in a pattern of frauds rising to a level of racketeering requires this court's order to U.S. BANK N.A. and PLUESE, BECKER, SALTZMAN, LLC to dissolve and cease operations. A jury's determination that PLUESE, BECKER, SALTZMAN, LLC., by and through Rob Saltzman and Karen Suter, committed or aided and abetted two or more predicate acts of fraud resulting in defrauding Connie White and Khalil Abdul Hakim and others similarly situated of property and business interests justly requires ordering U.S. BANK N.A., PLUESE, BECKER, SALTZMAN, LLC, and Rob Saltzman and Karen Suter to compensate all parties in a sum not less than three times the collective sums of property and losses to businesses of all who are similarly situated

TRIAL BY JURY DEMANDED

Prepared and submitted by:  *[signatures]*
Khalil Abdul Hakim and Connie White,
All Rights Reserved